986

UNITED STATES of America and Welles-
ley R. Slifer, Special Agent, Internal
Revenue Service

v.

Christian CHRISTIANSEN, Christy Cor-
poration, Millville Corporation and
King & Prince, Inc.

Christian Christiansen, Appellant.

No. 15715.

United States Court of Appeals
Third Circuit.

Argued Feb. 25, 1966.

Decided March 16, 1966.

Herbert L. Zuckerman, Newark, N. J.,
for appellant.

Burton Berkley, U. S. Department of
Justice, Tax Division, Washington, D. C.
(C. Moxley Featherston, Acting Asst.
Atty. Gen., Lee A. Jackson, Joseph M.
Howard, Attorneys, Department of Jus-
tice, Washington, D. C., David M. Satz,
Jr., U. S. Atty., Kenneth P. Zauber, Asst.
U. S. Atty., on the brief), for appellees.

Before HASTIE and SMITH, Circuit
Judges, and KIRKPATRICK, District
Judge.

PER CURIAM:

This is an appeal from an order re-
quiring the sole shareholder of a corpo-
ration to comply with demands of the In-
ternal Revenue Service that he produce
certain corporate books and records.
The sole question is whether the order
violates the shareholder's privilege
against self-incrimination. We have re-
cently examined this contention and re-
jected it in an essentially like case.
Wright v. Detwiler, 3 Cir. 1965, 345 F.2d
1012.

The judgment will be affirmed.

Rafael H. LOPEZ, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, IMMIGRATION AND NAT-
URALIZATION SERVICE, Respondent.
No. 15482.

United States Court of Appeals
Third Circuit.

Argued Feb. 23, 1966.

Decided March 16, 1966.

Francis T. Anderson, Philadelphia, Pa.,
for petitioner.

Joseph R. Ritchie, Jr., Asst. U. S.
Atty., Philadelphia, Pa., for respondent.

Before HASTIE and SMITH, Circuit
Judges, and KIRKPATRICK, District
Judge.

PER CURIAM:

Upon its face this appeal is a petition
to review an order of deportation filed
more than two years after that order
became final. Our jurisdiction is limited
to review upon petitions "filed not later
than six months from the date of the
final deportation order * * *." 8 U.S.
C. § 1105a(a) (1). Therefore, on its
face the petition asks that we exceed our
statutory authority.

However, the record also shows that
more than six months after the filing of
the final order of deportation the peti-
tioner filed a motion to reconsider the de-
portation order. A hearing was granted
upon that motion and the motion was
denied less than six months before this
petition for review was filed. Therefore,
we also consider this petition as one for
review of the denial of reconsideration.

It appears that nothing was presented
or urged by the petitioner in support of
his motion for reconsideration that was
not known and available to him at the
hearing which resulted in the order of
deportation. All of the circumstances
considered, we cannot say that the denial
of reconsideration was an abuse of dis-
cretion.

The order denying the motion for re-
consideration will be affirmed.