Baltazar **ARIAS–ALONSO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 24840.

United States Court of Appeals
Fifth Circuit.

March 20, 1968.

Joseph J. Rey, Sr., El Paso, Tex., for petitioner.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., Harry Lee Hudspeth, Asst. U. S. Atty., El Paso, Tex., for respondent.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

This is a petition for review of an order of deportation. A Special Inquiry Officer of the Immigration and Naturalization Service conducted a hearing on April 19, 1967, to determine whether Baltazar Arias-Alonso was deportable, and, based upon the facts consisting primarily of admissions by petitioner made by and through his counsel, ordered deportation under Section 241(a) (1) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a) (1), upon the theory that Arias-Alonso was an alien who had been convicted of a crime involving moral turpitude and was therefore excludable by the law at the time of his entry into this country on December 15, 1966.

Petitioner had been a resident alien of the United States since September, 1955. He was convicted in November, 1962, of breaking and entering a vehicle and was given a two-year suspended sentence. In April, 1964, the suspended sentence was revoked and he was ordered to serve from one hour to two years in the State penitentiary. He reentered the United States at El Paso, Texas, on December 15, 1966, by falsely representing himself to be a United States citizen.

Even though petitioner and his counsel were specifically advised of his appellate rights and requirements, there was no timely notice of appeal from the deportation order of the Special Inquiry Officer to the Board of Immigration Appeals. In this connection, 8 U.S.C. Sec. 1105a (c) provides:

"An order of deportation or exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * * *."

This failure to exhaust the available administrative remedies results in a lack of jurisdiction in this court to review the order of deportation. Samala v. Immigration and Naturalization Service, 336 F.2d 7 (5th Cir. 1964); Rodriguez-De-Leon v. Immigration and Naturalization Service, 324 F.2d 311 (9th Cir. 1963); Murillo-Aquilera v. Immigration and Naturalization Service, 313 F.2d 141 (9th Cir. 1963); Mai Kai Fong v. Immigration and Naturalization Service, 305 F. 2d 239 (9th Cir. 1962); Siaba-Fernandez v. Rosenberg, 302 F.2d 139 (9th Cir. 1962).

The appeal is therefore dismissed.