CHUNG CHAW WA, a/k/a Chung Tseou Fat, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 7231.

United States Court of Appeals First Circuit.

March 13, 1969.

Joseph F. O'Neil, Boston, Mass., on memorandum of petitioner in opposition to motion to dismiss.

Paul F. Markham, U. S. Atty., and Stanislaw R. J. Suchecki, Asst. U. S. Atty., on motion of respondent to dismiss.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner is an alien who entered on a Norwegian ship and overstayed his temporary seaman's permit. He brings this action in this court to review a deportation order following a hearing before an Immigration and Naturalization Service examiner. His root complaint is that he should be allowed to depart to Hong Kong voluntarily, instead of being deported there, with the attendant risk, if the Crown Colony should refuse to accept him, of being sent to Tahiti. Specifically, he contends the examiner failed to inform him of his right to show the possibility of future persecution in the event of deportation. 8 U.S.C.A. § 1253(h); 8 C.F.R. § 242.17(c). He is without funds, or prospect of funds, to enable him to depart voluntarily, but hopes he might acquire some if he were allowed to stay and work "several months."

The government moves to dismiss for lack of jurisdiction because petitioner failed to exhaust his administrative remedies. 8 U.S.C. § 1105a(c); Mai Kai Fong v. INS, 9 Cir., 1962, 305 F.2d 239, 242; Arias-Alonso v. INS, 5 Cir., 1968, 391 F.2d 400. After pages of generalities in his brief it finally appears that petitioner's answer to this is that it was his counsel rather than himself personally, who responded "No," to the examiner's question whether he wanted

to appeal. There is nothing to show that this answer was not authorized, or that petitioner thereafter, within the statutory ten days, sought to appeal, which he could still have done. 8 C.F.R. § 242.21. The point is frivolous.

 We may add that the appeal also appears entirely lacking in substance. There is even now no identification of where, or what, persecution petitioner feared. Presumably he feared none in Hong Kong, since that is where he wished to go. And it is as unclear to us as it must have been to the examiner how a mere seaman who, incidentally, had eleven siblings in the island, feared political persecution in Tahiti. There is a burden on petitioner to show that he was prejudiced, and he makes no attempt to do so. We find it difficult to believe that this appeal was taken other than for delay. In any event, it must be dismissed for lack of jurisdiction.