**CHAN YIU FAI (A15 997 421),**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 71–1759.

United States Court of Appeals
Third Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 5, 1972.

---

Jules E. Coven, Lebenkoff & Coven, New York City, for petitioner.

Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This case is quite similar to the petition of Lam Chuen Ching v. Immigration and Naturalization Service which was also decided by this court today.

Petitioner, a Chinese citizen, entered the United States on or about June 27, 1967 as a crewman on shore leave. However, he did not leave this country with his ship and has been illegally in the United States down to and including the present time. He is represented by the same attorneys as is the Ching petition above mentioned and the same delaying tactics have been employed as in that litigation. On May 7, 1969 petitioner was taken into custody by Immigration officers and on May 8, 1969 was given a deportation hearing and was allowed to leave this country voluntarily on or before June 15, 1969. Petitioner did not so leave and a deportation order was vested and warrant issued, August 28, 1969. Petitioner was duly advised of the deportation proceeding and on October 7, 1969 he was notified to report on October 15, 1969 for deportation the following day. A motion to reopen was filed for him on October 13, 1969. That motion was denied. Appeal was had to the Board of Immigration Appeals which was denied on November 6, 1969. This court, on April 14, 1971, dismissed a petition for review.

Petitioner on August 6, 1971 was noticed to surrender for deportation August 19, 1971. A motion to reopen the deportation decision and allow petitioner to leave the United States voluntarily was denied on September 16, 1971. The present petition was filed August 19, 1971. Its announced purpose is to review the findings of the District Director and the Board of Immigration Appeals. There is nothing presented that could possibly warrant reopening of said findings. It is true that the Director and the Board in their discretion can reopen a deportation decision where there is substantial new evidence offered which was not and could not have been available at the hearing which had been allowed petitioner. There is no such situation before us. The reopening of a deportation hearing is discretionary with the District Director and the Board of Immigration Appeals, 8 C.F.R. 3. 2,242.22. Ferreira v. Shaughnessy, 241 F.2d 617 (2 Cir. 1957). See also Wolf v. Boyd, 238 F.2d 249 (9 Cir. 1956).

We find the current petition in this litigation to be completely without merit. The decision of the Board of Immigration Appeals will be affirmed.