**William P. BIGGIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 72–1120.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 13, 1973.

Decided May 23, 1973.

David Kairys, Kairys & Rudovsky, Philadelphia, Pa., for petitioner.

Charles F. Sandoval, Criminal Div., Dept. of Justice, John L. Murphy, Chief, Administrative Regulations Section, Criminal Div., George W. Masterton, Dept. of Justice, Washington, D. C., Carl J. Melone, U. S. Atty., Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before VAN DUSEN and ADAMS, Circuit Judges, and BRODERICK, District Judge.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This petition was filed by William Biggin, a Canadian citizen, who last entered the United States on August 12, 1968, for a temporary period of time as a nonimmigrant to study for his doctorate in biology at Temple University. This case arises under a petition to review an order of the Board of Immigration Appeals (hereafter the Board), as provided for by the Naturalization and Immigration Act of 1952, 8 U.S.C. § 1105a,[1] as amended (1961).

The Board dismissed the petitioner's appeal insofar as it challenged the Special Inquiry Officer's adjudication of deportability, but amended her order of involuntary departure (see note 3 *infra*).[2] The Special Inquiry Officer found that the "allegations of fact . . . charged in the order to show cause [why Mr. Biggin should not be deported] have been established by clear, unequivocal and convincing evidence" and it had been "established . . . that [Mr. Biggin] had not received authorization from the Immigration and Naturalization Service to remain [in this country] as a nonimmigrant beyond March 5, 1971."[3]

The issue before us is whether the Board properly concluded that the petitioner, Mr. Biggin, was deportable for overstaying his authorized time as a nonimmigrant student. The petitioner concedes that he failed to register as a student at Temple for the second semes-

---

1. 8 U.S.C. § 1105a provides, *inter alia:*
"(a) The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, except that. . . ."

2. In Re William Biggin, —— I. & N. Dec. ——, A13996643 (BIA 1971).

3. The Oral Decision of the Special Inquiry Officer entered April 6, 1971, is transcribed at N.T. 102–105. The order of involuntary departure was withdrawn by the Board in its decision and the petitioner has been granted the privilege of voluntary departure. In Re William Biggin, *supra* at 5.

ter of the 1970–1971 academic year. However, he claims that this failure to register directly resulted from a series of concerted actions on the part of federal, state and local officials in Philadelphia, who conspired to prevent him from registering.

Although 8 C.F.R. § 214.2(f)(7)[4] provides that decisions on an application for an extension of a stay made pursuant to 8 C.F.R. § 214.2(f)(5)[5] shall be in the sole discretion of the District Director and nonappealable, the petitioner contends that the Special Inquiry Officer was required under 8 U.S.C. § 1252 (b)(3)[6] and 8 C.F.R. § 242.16(a) to allow him the opportunity to present evidence that would have established his allegation of a conspiracy and that the failure to allow him to do so was a denial of due process. But see Matter of Sourbis, *supra* at note 4.

After petitioner entered the United States August 12, 1968, his authorized stay was subsequently extended to June 30, 1970. On February 3, 1971, the District Director notified Mr. Biggin that his application for extension of a temporary stay was denied, because "you failed to pursue your course of study at Temple University, leading to a doctorate in Biology, during the first semester of the 1970–71 academic year and failed to register for the second semester of that year" (Exhibit 2, N. T. 216). The District Director authorized petitioner to depart voluntarily prior to March 5, 1971.

When petitioner failed to voluntarily depart the country, an Order to Show Cause was issued on March 8, 1971, charging that he was deportable for remaining longer than permitted in violation of 8 U.S.C. § 1251(a)(2).[7] A hearing was set on this order for March 19, 1971, which, on petitioner's request, was postponed until April 2, 1971. At that time, the Special Inquiry Officer refused to delay the deportation proceeding until completion of a civil suit Mr. Biggin had brought in the United States District Court for the Eastern District of Pennsylvania.

The civil suit was an action by Freedom Press, Inc., Judith Biggin (petitioner's wife), the petitioner, William Biggin, and others against Frank Rizzo, individually and as former Police Commissioner, filed November 17, 1970 (Civil Action No. 70–3175).[8] On April 1, 1971, the district court directed that all motions filed by Mr. Biggin in that action would be held in abeyance pending the outcome of a hearing to be held at Temple University on whether the petitioner had been improperly denied the opportunity to register as a student.

4. 8 C.F.R. § 214.2(f)(7) provides:
   "The applicant shall be notified of the decision and, if the application is denied, of the reason therefor. No appeal shall lie from the decision."
   See Matter of Sourbis, 11 I. & N.Dec. 335 (BIA 1965).

5. 8 C.F.R. § 214.2(f)(5) provides, *inter alia*:
   "A nonimmigrant who has a classification under 101(a)(15)(F) [8 U.S.C. 1101(a)(15)(F)] of the Act may be granted extensions of stay in increments not to exceed one year each if he establishes that he is currently maintaining student status and is able and in good faith intends to continue to maintain such status for the period for which the extension is requested."

6. 8 U.S.C. § 1252(b)(3) provides:
   "The alien shall have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government."

7. 8 U.S.C. § 1251(a)(2) provides:
   "(a) Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who—

   "(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States. . . ."

8. The complaint alleged, *inter alia*, that "Frank Rizzo, his agents and employees, and others, for the purpose of censoring and terminating publication of the FREE PRESS, and chilling and punishing the political activities of the individual Plaintiffs, have, under color of State law, subjected Plaintiffs to . . . illegal and unconstitutional practices. . . ."

At the deportation hearing, counsel for petitioner also sought to introduce evidence that allegedly would have shown that the District Director's denial of the extension application was arbitrary. Petitioner offered a Supplemental and Amended Complaint, which added Temple University, certain of its officials, and the present Police Commissioner of Philadelphia to his suit as an offer of proof (N.T. 131).[9] However, the Special Inquiry Officer refused to receive into evidence any of the matters set out in that complaint, holding that she was without jurisdiction to review determinations of the District Director (N.T. 137).

Mr. Biggin sought reconsideration of the District Director's decision by letter of April 5, 1971, in which he again alleged that the denial of an extension was based on incorrect information. He also referred to the then pending civil suit he had brought in the federal district court for restoration of his student status (Exhibit 4, N.T. 287–88). The District Director adhered to his original decision in a letter dated April 6, 1971, with the stipulation that "if a court order results in restoring [Mr. Biggin's] student status, I shall, if you do not, see to it that the deportation proceedings are reopened so that the new developments can be considered" (Exhibit 5, N.T. 289).

The Board affirmed the deportation by an opinion filed August 31, 1971. See note 2, *supra*. In that opinion it noted:

"[T]he District Director committed himself not to enforce respondent's departure pending conclusion of the lawsuit and to see to the reopening of the deportation proceedings if the respondent should prevail in court (Ex. 5). Under these circumstances, we fail to see how respondent's position

has been prejudiced by the institution and prosecution of these deportation proceedings."[10]

Subsequently a hearing was held in the district court on November 3, 1971, on a motion for preliminary injunction, seeking a decree that would have directed Temple to restore Mr. Biggin as a graduate doctoral student. This motion was denied by order of January 11, 1972. Freedom Press, Inc. and Judith Biggin, William Biggin, et al. v. Frank Rizzo, et al., Civ. Action No. 70–3175 (E.D. Pa.1972), aff'd, 474 F.2d 1339 (3d Cir. 1973).[11] In the above-cited district court memorandum opinion accompanying the January 11, 1972, order, Judge Weiner stated:

"[W]e are impelled to conclude that the determination to refuse to accept Biggin's registration was based upon scholastic grounds and did not arise out of arbitrariness, bad faith or capriciousness.

. . . . . .

"We believe that the combination of facts we have noted amply support the conclusion that Biggin was given numerous opportunities to retain his scholastic standing but he deliberately refused to avail himself of these opportunities."[12]

The scope of our review of the administrative proceeding is limited, and restricted to the question of whether the manner in which the deportation proceedings were conducted was arbitrary, capricious or illegal. Cf. Astudillo v. Immigration and Naturalization Service, 443 F.2d 525 (9th Cir. 1971); Pilapil v. Immigration and Naturalization Service, 424 F.2d 6 (10th Cir. 1970). If the proceedings comported with the requirements of due process, our inquiry is ended. See *Pilapil, supra*.

9. Permission to file the Supplemental and Amended Complaint was granted by the district court on April 29, 1971, and it was filed May 7, 1971.

10. In Re William Biggin, *supra* at 4–5.

11. It is noted that petitioner has had the opportunity to ask for a final hearing in this case since February 26, 1973, when the certified judgment was sent to the district court.

12. Freedom Press, Inc., *supra* Memorandum at 7–8.

Petitioner's most troublesome contention on appeal is that the denial of an extension by the District Director was based on erroneous factual information and the Special Inquiry Officer deprived him of due process when his offer to introduce evidence on this point was denied. However, the District Director's subsequent stipulation that he would reopen the deportation proceedings in the event Mr. Biggin proved successful in the district court, Civil Action No. 70-3175, renders this point moot. *Compare* Glorioso v. Immigration and Naturalization Service, 386 F.2d 664 (7th Cir. 1967).

Our review of the facts and the record as presented on appeal discloses no abuse of discretion by the District Director and we cannot, on an examination of the record as a whole, say that the action of the Special Inquiry Officer was arbitrary, capricious or illegal.[13]

The August 31, 1971, Board order will be affirmed.

---

13. We need not, on these facts, consider whether there would have been a denial of due process had the District Director not made his stipulation, or had the petitioner not sought relief in the courts prior to the conclusion of the deportation proceeding.