Victoria Lamadora VERGEL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 75–1526.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1976.

Decided June 2, 1976.

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

Carl D. Gum, Belton, Mo., for petitioner.

Robert Kendall, Jr., Atty., Dept. of Justice, Washington, D. C. (argued), B. Franklin Taylor, Jr., Acting Chief, Government Regulations Section, Crim. Div., James P. Morris, Atty., Dept. of Justice, Washington, D. C., on brief, for respondent.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

Victoria Lamadora Vergel, a Philippine citizen, petitions for review of the Immigration and Naturalization Service's (INS) decision to deport her and its subsequent denial of her request to reopen the proceedings.

Ms. Vergel entered the United States in August, 1970, accompanying the invalid four-year-old daughter of Dr. Raynaldo Tiojanco, M.D. and his wife, Dr. Milagros Tiojanco, M.D., who had immigrated to this country in 1966. The child, Maria, was born with cerebral palsy and was so extremely frail that she was unable to travel to the United States with her parents. They left her in the care of Ms. Vergel, who nursed the child for four years until she was strong enough to be taken to her parents, and then Ms. Vergel brought Maria to this country. After their arrival here, it appeared that the child was very dependent on Ms. Vergel's care. Since that time, Ms. Vergel has continued to care for Maria.

When Ms. Vergel was first admitted to the United States in 1970, she was classified as a nonimmigrant visitor for pleasure under 8 U.S.C. § 1101(a)(15), and was authorized to remain in this country for six months. Thereafter, she was denied an extension of time, and was to depart voluntarily by August 12, 1971, later extended to March 1, 1972. When she failed to depart voluntarily, the INS instituted deportation proceedings against her. After a hearing, the immigration judge found her to be deportable, and authorized her to depart voluntarily by May 17, 1972. Once again she failed to depart.[1]

---

1. Ms. Vergel did not depart because Senator Thomas Eagleton of Missouri had introduced a private relief bill on her behalf in the United States Senate. The bill ultimately failed passage.

On January 9, 1975, she filed a motion to reopen the deportation proceedings on the grounds of new evidence that her continued presence in this country was necessary to protect the health of the invalid child, Maria. She asserts that Maria, now nine years of age, is mentally retarded and totally dependent on continuation of Ms. Vergel's constant nursing care. Affidavits from physicians and from Maria's parents corroborate this need. This motion to reopen was denied. However, her date of voluntary departure was once again extended to February 21, 1975. She appealed the denial of her motion to reopen to the Board of Immigration Appeals. The Board dismissed her petition and this appeal followed.

■ Ms. Vergel challenges the validity of the original order of deportation, filed May 17, 1972, and the denial of her motion to reopen the deportation proceedings. This court clearly has no jurisdiction to review the original order of deportation, since no appeal from that order was taken within six months of its issuance. *Luna-Benalcazar v. Immigration and Naturalization Service,* 414 F.2d 254 (6th Cir. 1969); *Butterfield v. Immigration and Naturalization Service,* 133 U.S.App.D.C. 135, 409 F.2d 170 (1969).[2] However, this court does have jurisdiction to determine whether the Special Inquiry Officer abused his discretion in denying the motion to reopen the deportation proceedings. *Bufalino v. Immigration*

*and Naturalization Service,* 473 F.2d 728, 730 (3rd Cir.), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973); *Gena v. Immigration and Naturalization Service,* 424 F.2d 227, 231–32 (5th Cir. 1970); *Luna-Benalcazar v. Immigration and Naturalization Service, supra; Chul Hi Kim v. Immigration and Naturalization Service,* 357 F.2d 904, 907 (7th Cir. 1966).

■ The only relief Ms. Vergel requested from the Special Inquiry Officer was an additional stay of her deportation. However, the Special Inquiry Officer has no authority to stay deportation orders except where there is a statutory basis for finding the deportation order unlawful. Petitioner makes no such allegation here.[3] Thus, we find no abuse of discretion.

Ms. Vergel does, however, present an appealing case and she has apparently mistaken her remedy in applying to the Special Inquiry Officer rather than to the District Director. The latter has discretionary authority to grant a stay on humanitarian grounds. Under these circumstances, petitioner should apply for a discretionary stay on humanitarian grounds. 8 C.F.R. § 244.2; *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 209, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). It appears that deportation will cause severe hardship not only to Ms. Vergel but also to the invalid child involved. Thus, there is a substantial basis upon which the District Di-

---

**2.** 8 U.S.C. § 1105a(a)(1) provides:

[A] petition for review may be filed not later than six months from the date of the final deportation order or from the effective date of this section, whichever is the later[.] 8 U.S.C. § 1105a(c) provides in pertinent part:

An order of deportation . . . shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . . .. No petition for review . . . shall be entertained if the validity of the order has been previously determined in any civil . . . proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior pro-

ceeding was inadequate or ineffective to test the validity of the order.

**3.** An alien must have continuously resided in the United States for at least seven years to qualify for discretionary adjustment of status to that of an alien lawfully admitted for permanent residence under 8 U.S.C. § 1254. *But see Francis v. Immigration and Naturalization Service,* 532 F.2d 268, 44 U.S.L.W. 2453 (2nd Cir. 1976). Petitioner will not fulfill that residency requirement until August of 1977.

Petitioner admits that she entered this country as a visitor for pleasure, and that she remains in this country without the authorization of the Immigration and Naturalization Service. She is therefore deportable under 8 U.S.C. § 1251(a)(2) absent a discretionary stay.

rector could place petitioner in a "deferred action category" allowing her to remain in this country on humanitarian grounds.[4] We therefore stay the issuance of our mandate for ninety days to allow petitioner an opportunity to petition the District Director for a discretionary stay. We think it appropriate for the District Director to make further inquiry to that end. *Cf. United States v. McAllister,* 395 F.2d 852 (3rd Cir. 1968).[5]

The petition for review is dismissed.[6]

---

4. See Immigration and Naturalization Service Operating Instruction 103.1(a)(1)(ii); INS Form G–312 (1975).

5. In upholding the Special Inquiry Officer's finding that he lacked authority to stay Ms. Vergel's deportation order, the Board of Immigration Appeals stated:

    In granting voluntary departure, the immigration judge extended the maximum relief for which the respondent is eligible. Any [application for an] extension of the time within which she may depart voluntarily must be made to the District Director.

6. In view of this court's limited power of review, petitioner's motion for inclusion of additional evidence in the certified administrative record is denied.

