Gladis Trejo **HERNANDEZ**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE**, Respondent.

No. 76–2330.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1976.

Richard Prinz, Houston, Tex., for petitioner.

Edward H. Levi, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Edward B. McDonough, Jr., U. S. Atty., Houston, Tex., Rex Young, Atty., Philip Wilens, Chief, James P. Morris, Atty., Dept. of Justice, Govt. Reg. & Labor Sect., Crim. Div., Washington, D. C., for respondent.

R. W. Heston, Dist. Dir., Immig. & Nat., Houston, Tex., Troy A. Adams, Jr., Dist. Director, Immig. & Nat. Ser., New Orleans, La., for other interested parties.

Before GEE, TJOFLAT and HILL, Circuit Judges.

BY THE COURT:

The petitioner in this case seeks review of a decision of the Immigration Judge dated May 13, 1976, denying a motion to reopen her deportation proceedings.

Petitioner, a citizen of El Salvador, last entered this country at Laredo, Texas, on November 8, 1975. On November 17, 1975, petitioner was ordered to appear for a hearing before an Immigration Judge on charges that she was subject to deportation pursuant to the provisions of Section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(1). On December 10, 1975, the Immigration Judge found petitioner deportable on the basis of her own admissions and petitioner was to voluntarily depart this country on or before February 12, 1976. Petitioner chose not to appeal this deportation order.

Several days after petitioner appeared before the Immigration Judge and agreed to depart voluntarily, she obtained a marriage license from the State of Texas. Petitioner did not depart this country on February 12, 1976, and she became subject to deportation on February 13. Instead, on May 11, 1976, petitioner filed an application for stay of deportation with the district director of the Immigration and Naturalization Service pursuant to 8 C.F.R. § 243.4. On May 12, 1976, the application for stay of deportation was denied.

At about this same time, petitioner filed a motion to reopen her deportation proceedings with the Immigration Judge pursuant to the provisions of 8 C.F.R. § 242.22. On May 12, 1976, the Immigration Judge denied petitioner's motion to reopen. Counsel for petitioner then applied telephonically with the Board of Immigration Appeals for a stay of deportation pending adjudication of an appeal from the denial of her motion to reopen. Finding little likelihood that favorable action would be taken on the appeal, the Board denied petitioner's application for a stay of deportation. On May 13, 1976, counsel for petitioner filed this petition for review and the respondent voluntarily stayed petitioner's deportation.

The respondent moves this Court to dismiss the petition for review for the reason that petitioner has failed to exhaust her

administrative remedies and therefore, this court lacks jurisdiction to review the case under the provisions of 8 U.S.C.A. § 1105a(c). Petitioner moves that she be allowed to supplement the administrative records and that this court remand this case to the Board of Immigration Appeals and stay her deportation. On the record before us we conclude that the respondent's motion to dismiss should be granted.

■ We agree with petitioner that the denial of a motion to reopen is reviewable in this court as a "final order of deportation." *Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964). However, petitioner is not entitled to a review of that decision by this court until she has exhausted her administrative remedies. This failure to exhaust available administrative remedies results in a lack of jurisdiction in this court at this time. *Arias-Alonso v. Immigration and Naturalization Service*, 391 F.2d 400 (5th Cir. 1968); *Samala v. Immigration and Naturalization Service*, 336 F.2d 7 (5th Cir. 1964).

■ Petitioner's contention that her administrative remedies were "unavailable, inadequate, or improbable" is unpersuasive. First, the timing of the proceedings below were, for the most part, at the instance of the petitioner. Secondly, we agree with the district director that petitioner's presence in this country is not required for the adjudication of this matter.

Accordingly, the petition for review is dismissed.