**Cecilia S. JACOBE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 76–2154.

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1978.
Decided May 11, 1978.

Edward L. Dubroff, Steven S. Mukamal, Barst and Mukamal, New York City, for petitioner.

Chester J. Halicki, Government Regulations & Labor Section, Criminal Division, U. S. Dept. of Justice, Washington, D. C., David W. Marston, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for respondent.

OPINION OF THE COURT

Before GIBBONS and GARTH, Circuit Judges, and WEINER, District Judge.*

WEINER, District Judge.

This case involves an appeal filed by Cecilia S. Jacobe for review of a deportation

---

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

order of the Board of Immigration of the Immigration and Naturalization Service (INS), a denial of a stay thereof, and denial of a motion to reopen the deportation proceedings.

Petitioner, Cecilia S. Jacobe (nee Rances) entered the United States on January 15, 1974. She had been issued a permanent immigration visa as the result of her statement that she was married to one Adolf Michael Martin, a United States citizen. Subsequently, the Immigration and Naturalization Service discovered that Adolf Michael Martin was a fictitious name and that petitioner knowingly and fraudulently made statements in her visa application alleging marriage to the non-existent Mr. Martin in order to obtain entry into this country. Deportation proceedings were commenced and on April 23, 1976, the Immigration Judge directed her deportation. On April 27, 1976, petitioner filed a Notice of Appeal contending that the Immigration Judge erred in denying petitioner's request for relief from deportation under § 241(f) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(f).[1]

On May 4, 1976, petitioner married one Francisco C. Jacobe, a United States citizen. On May 27, 1976, Mr. Jacobe, on behalf of petitioner, his new wife, petitioned the INS for an "immediate relative" visa[2] for his new wife. On that same date, petitioner withdrew her appeal of the April deportation order.

Petitioner, on August 26, 1976, moved for a stay of deportation and for a reopening of the deportation proceedings to permit adjustment of status based upon her husband's visa petition on her behalf. On September 1, 1976, the District Director of INS denied Mr. Jacobe's visa petition and an Immigration Judge denied Mrs. Jacobe's motion to reopen the original deportation proceeding of April, 1976. On June 3, 1977, after an appeal had already been taken to this Court, the Board of Immigration Appeals reversed the District Director's denial of Mr. Jacobe's visa petition on his wife's behalf, and remanded the case for further proceedings. They also affirmed the denial of Mrs. Jacobe's motion to reopen the original deportation proceeding.

■ Petitioner summarizes her argument into three parts. We will deal with each in turn. First, she contends that the denial of the immediate relative visa petition filed by her United States citizen husband in her behalf was erroneous as a matter of law. The District Director denied Mr. Jacobe's visa petition, filed on behalf of his wife. After the appeal to this Court was taken, the Board of Immigration Appeals reversed the denial and remanded it to the agency for a determination of the bona fides of the marriage.[3] Petitioner acknowledges that this issue is moot and we agree.

■ Petitioner's second ground of review is that the institution of deportation proceedings against her on documentary grounds, rather than on ground of fraud, at

---

1. It states:

"The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

Presumably, petitioner sought relief under this section relying upon the birth of her child on February 25, 1974, in the United States and upon her status as a parent of this United

States citizen. We state no opinion as to the viability of that position.

2. Mr. Jacobe filed pursuant to 8 U.S.C. § 1151(b):

"The 'immediate relatives' referred to in subsection (a) of this section shall mean the children, spouses, and parents of a citizen of the United States: *provided*, That in the case of parents, such citizen must be at least twenty-one years of age. The immediate relatives specified in this subsection who are otherwise qualified for admission as immigrants shall be admitted as such, without regard to the numerical limitations in this chapter."

3. *Cecilia Jacobe*, Board of Immigration Appeals (June 3, 1977).

the time of entry, was erroneous as a matter of law. This is an attack upon the validity of the original deportation proceeding. Petitioner, on May 27, 1976, withdrew her appeal of the Immigration Judge's decision to deport which was rendered on April 23, 1976. 8 U.S.C. § 1105a(c) states: "An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . ." The immigration regulations provide, in relation to deportation proceedings, that an appeal lies with the Board of Immigration Appeals. 8 C.F.R. § 242.21 (1977). In spite of this available administrative appeal, petitioner withdrew her Notice to Appeal on the same day that her new husband petitioned for an immediate relative visa on her behalf. Petitioner then proceeded by way of motion to reopen the original deportation proceedings, rather than by way of direct appeal. In *Vergel v. Immigration & Naturalization Service*, 536 F.2d 755 (8th Cir. 1976), petitioner challenged the validity of the original order of deportation and denial of her motion to reopen deportation proceedings. The court ruled it had no jurisdiction to review the original order of deportation since no appeal was taken.[4] Failure to exhaust administrative remedies results in a lack of jurisdiction in the Court of Appeals.[5] We, therefore, cannot entertain an attack on the original deportation proceeding.

■ The third issue the petitioner is appealing is the decision denying her motion to reopen the deportation proceedings and a denial of a stay of deportation pending appeal. 8 C.F.R. § 3.2 (1977) states the grounds for reopening or reconsideration:

". . . Motions to reopen in deportation proceeding shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . ."

Petitioner's ground for reopening is her new marriage to a U.S. citizen and she seeks adjustment of her status on this basis. This marriage is evidence that could not have been presented at the former hearing because it was not entered into until after the order of deportation issued from the original hearing. However, the Board of Immigration has wide discretion in deciding whether to grant the motion to reopen.

"The regulation [8 C.F.R. § 3.2 (1977)] does not *require* the Board to grant a motion to reopen merely because some new circumstances are recited; rather, the regulation *bars* reopening if relief is *not* sought on the basis of changed circumstances . . . At most, the regulation dictates that the Board consider any new circumstances advanced in support of a motion to reopen, and that the Board not abuse its discretion in determining whether the circumstances are sufficient to justify granting of the motion." *Au Yi Lau v. U. S. Immigration and Naturalization Service*, 181 U.S.App. D.C. 99, 107, 555 F.2d 1036, 1043, 1044 (1977).

The Board denied the motion[6] on the ground that the petitioner was not the beneficiary of a visa petition and therefore she has not established prima facie eligibility for adjustment of status—the core of her motion. The statute clearly requires that three prerequisites be met in order to be eligible for an adjustment of status. They are: ". . . (1) the alien makes an ap-

---

**4.** The Court cited inter alia 8 U.S.C. § 1105a(c). *Vergel v. Immigration & Naturalization Service,* 536 F.2d 755, 757 n.2 (8th Cir. 1976).

**5.** *Hernandez v. Immigration & Naturalization Service,* 539 F.2d 384, 386 (5th Cir. 1976); *Accord Luna-Benalcazar v. Immigration and Naturalization Service,* 414 F.2d 254 (6th Cir. 1969); *Chung Chow Wa v. Immigration & Naturalization Service,* 407 F.2d 854 (1st Cir. 1969); *Arias-Alonso v. Immigration and Naturalization Service,* 391 F.2d 400 (5th Cir. 1968); *Yan Wo Cheng v. Rinaldi,* 389 F.Supp. 583 (D.C.N.J.1975); *Garcia-Sarquiz v. Saxbe,* 407 F.Supp. 789 (S.D.Fla.1974).

**6.** *Cecilia Jacobe,* Board of Immigration Appeals, (June 3, 1977).

plication for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved". 8 U.S.C. § 1255(a). There is no immigrant visa immediately available to petitioner, in fact her husband's petition on her behalf for an immigrant visa still has not been finally acted upon. Therefore, the Board did not abuse their discretion in denying the motion to reopen. Since our scope of review is limited to whether the Board abused its discretion,[7] we accordingly affirm the denial of the motion to reopen. It is not necessary to deal with the denial of the stay because the petition for review in this Court stayed her deportation. 8 U.S.C. § 1105a(a)(3).

The decision of the Board of Immigration appeals will be affirmed and the petition for review will be denied.

GARTH, Circuit Judge, dissenting.

I am unable to join in the majority opinion because I believe that it fails to address the factor most germane to Cecilia Jacobe's appeal: this court's recent decision in *Persaud v. Immigration and Naturalization Service*, 537 F.2d 776 (3d Cir. 1976).[1] There we held that section 241(f) of the Immigration and Nationality Act (Act)[2] may prevent the deportation of a party who, having fraudulently entered the United States, is deportable because of a failure to possess valid entry documents.[3] As Jacobe is such a party, she may qualify for relief from deportation under this provision if she satisfies the other statutory requisites. Yet the Immigration and Naturalization Service (Service) and the Board of Immigration Appeals (Board) refused even to consider *Persaud* during Jacobe's motion to reopen proceedings, thereby precluding her from relief.

I would hold that at the least this refusal constitutes an abuse of discretion, or more accurately, a failure to exercise a sound discretion. Thus I would grant Jacobe's petition for review.

It is helpful at this point to restate briefly the relevant facts which underlie Jacobe's section 241(f) claim. Jacobe entered this country on January 15, 1974 as a resident alien, but with admittedly fraudulent entry documents. These documents denoted that Jacobe was the spouse of a (fictitious) American citizen. Jacobe's American citizen child was born ten days later. Upon the issuance by the Service of an order to show cause why Jacobe should not be deported, on April 23, 1976 the immigration judge ruled Jacobe deportable under Section 212(a)(20) of the Act.[4] That provision provides for the excludability and hence the deportability[5] of:

> any immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, . . .

Throughout the proceedings Jacobe emphasized that she was the parent of an American citizen child, and, as such, section 241(f) afforded her relief from deportation. *E.g.*, Transcript of Hearing (Tr.) 11, *reproduced at* Certified Administrative Record (Rec.) 52; *see* Board Order dated June 3,

---

**7.** See *Schieber v. Immigration and Naturalization Service*, 171 U.S.App.D.C. 312, 520 F.2d 44 (1975); *Biggin v. Immigration and Naturalization Service*, 479 F.2d 569 (3d Cir. 1973); *Bufalino v. Immigration and Naturalization Service*, 473 F.2d 728 (3d Cir. 1973), *cert. denied*, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973); *Chan Yiu Fai v. Immigration and Naturalization Service*, 467 F.2d 907 (3d Cir. 1972); *Lopez v. Immigration and Naturalization Service*, 356 F.2d 986 (3d Cir. 1966), *cert. denied*, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 73 (1966).

**1.** It is significant that both the Government on appeal before us and the Board of Immigration Appeals decision below failed to mention *Persaud*.

**2.** *Codified at* 8 U.S.C. § 1251(f), *quoted at* p. 8 *infra*.

**3.** 8 U.S.C. §§ 1182(a)(20), 1251(a)(1).

**4.** 8 U.S.C. § 1182(a)(20).

**5.** Section 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1).

1977, at 2. Section 241(f)'s "forgiveness" provision reads:

> The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation *shall not apply to an alien* otherwise admissible at the time of entry *who is the* spouse, *parent,* or a child *of a United States citizen* or of an alien lawfully admitted for permanent residence.

(Emphasis added.)

The Service denied Jacobe's claim, and she appealed to the Board from the April 23rd Order of Deportation. Jacobe subsequently withdrew her appeal however, in light of her May 4th marriage to Mr. Jacobe, an American citizen. She alleges that the withdrawal of her appeal was in reliance on the advice given her by an immigration judge.[6]

On June 29, 1976, our court decided *Persaud v. Immigration and Naturalization Service,* 537 F.2d 776 (3d Cir. 1976). As noted above we held that, contrary to the position urged by the Service, the forgiveness provision of section 241(f) was indeed available to an alien in Jacobe's exact position, *i.e.* deportable under section 212(a)(20) because, *having sought entry by fraud,* the alien possessed improper entry documents.

On August 26, 1976, Jacobe filed her motion to reopen her deportation proceedings (Rec. 31–33). The grounds urged for vacation of the April 23rd Order of Deportation included her argument that section 241(f) afforded her relief from deportation (*see* Rec. 32).[7] The immigration judge, however, ignoring or having no knowledge of our decision in *Persaud,* denied Jacobe's motion to reopen.[8] Rec. 26; App. at A–10.[9]

Jacobe appealed from the September 1st Order to the Board of Immigration Appeals. Her notice of appeal urged two grounds for reversal. She sought relief from deportation based upon her current marriage to a citizen.[10] She also sought relief under the forgiveness provision contained in section 241(f), an argument which, as noted, had been rejected by the immigration judge (Rec. 11). The Board nonetheless addressed only the former contention, Board Order dated June 3, 1977, at 2–3, and, as the majority opinion observes, properly rejected it. No explanation appears in the record however as to why the Board completely ignored Jacobe's section 241(f) claim, even though that claim had been adequately raised in the proceedings below and had been erroneously ruled upon (*see Persaud*) by the immigration judge in the order from which Jacobe was appealing.

It was at this juncture that Jacobe sought relief before us.[11]

The record before us demonstrates clearly that Jacobe had adequately preserved her section 241(f) claim throughout the adminis-

---

6. Letter Motion to Reopen Deportation Proceedings dated August 26, 1976, at 1–2, *reproduced at* Rec. 31–32.

7. Jacobe did not specifically mention our decision in *Persaud,* which had been decided two months earlier. Rather she claimed that she was deportable under § 212(a)(19) of the Act (not under § 212(a)(20) as charged), a section which the forgiveness provision of § 241(f) clearly covered. In *Persaud* we held that deportability under § (a)(20), as a "lesser included offense" of § (a)(19), permits an alien who entered this country through fraud or misrepresentation to invoke the forgiveness provision. Thus Jacobe has consistently, and I believe sufficiently, raised the argument during the administrative proceedings that § 241(f) affords her relief from deportation.

8. Order dated September 1, 1976, *reproduced at* Rec. 24 *and at* A–8.

9. The immigration judge ruled that Jacobe, who was deportable under § 212(a)(20), could not avail herself of relief under § 241(f), the precise contention which our court rejected in *Persaud. See* n.7 *supra.*

10. Section 245 of the Act, 8 U.S.C. § 1255 (adjustment of status), *discussed in* Maj. Op. at 44.

11. In her petition for review filed with our court, Jacobe again raised her § 241(f) claim. Petition for Review at 3, ¶ 10, *reproduced at* Rec. 4.

trative proceedings below. Thus we do not deal here with surprise or prejudice experienced by an agency confronted with a novel claim; nor do we deal with litigious interruptions of an agency proceeding; nor do we deal with a failure to allow an agency to correct its own mistakes.[12]

Nor did Jacobe's failure to appeal from her first deportation order prevent our affording her relief. It should be remembered that we are not examining her original deportation order but rather are passing upon a denial of a motion to reopen deportation proceedings—a motion which is properly reviewable by us.[13] Indeed the petitioner in *Persaud* had taken no appeal from his original deportation order, 537 F.2d at 777, yet that failure to appeal did not prevent our court from granting relief from deportation under section 241(f) in a review of Persaud's motion to reopen deportation proceedings. I see no reason therefore why Jacobe's failure to appeal under even more egregious circumstances should be treated differently.

Having continuously raised the 241(f) issue of forgiveness, and having been denied Board consideration of that issue after its erroneous disposition by the immigration judge, and not having been barred from relief by an ill-advised withdrawal of her original appeal, at the least Jacobe is entitled to reconsideration of her 241(f) "par-

ent" claim. At the most, she is entitled to complete relief from deportation. We said in *Persaud* that:

> Congress enacted § 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f), as a humanitarian measure to ease the plight of aliens who had entered the country by fraud but who had close family ties with American citizens or permanent resident aliens. This provision was intended to keep families united by relaxing some of the rigorous provisions of existing law.

537 F.2d at 777. Application of the forgiveness provision of section 241(f) "entails no exercise of discretion by the Attorney General." *Id.* at 779, *citing* 1 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 4.7c (1975). Rather "[o]nce the alien qualifies under the provisions of § 241(f), he will not be deported." *Id.* at 777.

The Service has not demonstrated, and I cannot perceive, any reason why under the circumstances present here Jacobe should not be permitted relief under this remedial provision. Application of section 241(f) would prevent the hardship of deportation, separation from a citizen family,[14] and possible barring of future reentry into the United States even were an immigrant visa to become available.[15] Refusal by the Service, therefore, to consider *Persaud* and the remedial application of section 241(f) ap-

---

**12.** *See McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *cf. Weinberger v. Salfi,* 422 U.S. 749, 765–67, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

**13.** *See* Maj. Op. at 44–45; *Bufalino v. INS,* 473 F.2d 728 (3d Cir.), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973). As is apparent throughout this dissent I believe that *Persaud* requires a reopening of Jacobe's deportation order. I recognize that *Persaud* was filed after Jacobe's original order of deportation, but it preceded Jacobe's motion to reopen. Thus at the very least it should be considered an intervening change in law (*i.e.* a change in circumstance) which in the context of the undisputed hardship of deportation should justify plenary reconsideration of her § 241(f) claim. *See* 8 C.F.R. § 3.2 (1977); *Yang v. INS,* 574 F.2d 171, 174–7, No. 77–1615 (3d Cir. 1978); *cf. Persaud v. INS,* 537 F.2d at 777.

**14.** "[D]eportation is a drastic measure and at times the equivalent of banishment or exile." *Fong Haw Tan v. Phelan,* 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433 (1948). It is akin to punishment, *see id.,* and may result in "loss of both property and life; or of all that makes life worth living." *Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 495, 66 L.Ed. 938 (1922).

**15.** Under 8 U.S.C. § 1316, a deported alien may reenter the United States only upon permission granted by the United States Attorney General. An alien who reenters without permission faces conviction of a felony and imprisonment for up to two years. *Id.* Yet permission to reenter is usually denied, and courts are often hesitant to review discretionary denials by the Service. Comment, 51 N.Y.U.L.Rev. 1021, 1023–24 n.19 (1976). For a fuller discussion of the effects of a deportation order, see 1 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 4.6d (rev. ed. 1976).

pears to me to constitute an abuse—"or more accurately a 'misuse' "—of the Service's discretion.[16]

Our court's recent decision in *Yang v. INS*, 574 F.2d 171 (3d Cir. 1978), lends strong support to this position. In *Yang*, a newly-issued Service memorandum afforded relief to aliens who had been misinformed by immigration officials as to the operation of their own regulations. Further, "it appear[ed] that petitioners may well be within the INS policy as expressed in the memoranda." *Id.* at 175. Yet the Service denied relief, failing to "formally and fully consider petitioners' case." *Id.* Our court, necessarily holding that the Service had abused its discretion, granted petitioners' motion to remand the case to the Board to reopen deportation proceedings. We ruled that "[t]he Board should be accorded an opportunity to consider the several material changes in fact and law that have been noted, and in particular whether the INS remedial filing policy applies in petitioners' case." *Id.* at 175.

Similarly here, our decision in *Persaud*, constituting a material change in the law, may well afford Jacobe relief at the hands of the Board if the Board once considers and applies that decision. As in *Yang*, we too should remand to the Board for consideration of this significant, intervening factor. Even if this change in the relevant law does not mandate relief (which I think it does), it must be considered in connection with an appropriate exercise of the Board's discretion.

The availability of section 241(f) to Jacobe[17] distinguishes her case from those where an alien merely seeks permission from the Service to remain in this country while an immigrant visa application is pending. Here by contrast Jacobe, as a parent of a citizen child, seeks the protection of a statute which *does not permit* her deportation if she can demonstrate compli-

ance with its provisions. The Service may dislike applying the forgiveness provision contained in section 241(f), but that is not its prerogative.

I would grant Jacobe's petition for review and at the very least remand her case to the Service for consideration in the first instance of her section 241(f) claim in light of *Persaud*. I therefore respectfully dissent from the majority's denial of her petition for review.

---

**16.** *Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116, 118 (3d Cir. 1976) (en banc) (failure to use proper standards or failure to exercise a sound discretion constitutes a "misuse" of discretion).

**17.** I am assuming of course that she satisfies all statutory requirements. *See* 8 U.S.C. § 1251(f); *Persaud v. INS*, 537 F.2d at 777–79. *See also id.* at 779–80 (Stern, J., concurring).