Josef BAK, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Teresa DWORNICZAK, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 81–2126, 81–2127.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 7, 1982.

Decided June 30, 1982.

Irena I. Karpinski, Karpinski & Balseiro, Washington, D. C. and Philadelphia, Pa., for petitioners.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., Lauri Steven Filppu, John T. Bannon, Jr., Donald B. Nicholson, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before ADAMS and WEIS, Circuit Judges, and BLOCH,* District Judge.

## OPINION OF THE COURT

PER CURIAM:

Petitioners arrived in this country as visitors for pleasure from Poland, Josef Bak in November 1979 and Teresa Dworniczak in March 1980. Both overstayed the times appointed for their departure, and the Immigration and Naturalization Service (INS) instituted deportation proceedings. On September 8, 1980, both were found deportable for overstays under 8 U.S.C. § 1251(a)–(2), and were granted the right to depart voluntarily prior to January 8, 1981. Petitioners did not appeal these decisions by the immigration judge to the Board of Immigration Appeals; in fact, they both specifically waived this right.

Petitioners subsequently requested that the immigration judge reopen their deportation proceedings so that they could apply for political asylum in the United States. On March 20, 1981, the immigration judge denied these motions to reopen, on the ground that "no new facts are available, which were not available at the original deportation hearing." Petitioners did not appeal this decision to the Board of Immigration Appeals either; instead, they filed petitions for review with this Court pursuant to 8 U.S.C. § 1105a.

The INS has moved to dismiss these consolidated appeals, claiming that the Court is without jurisdiction to entertain the petitions. We agree.

At the outset, we note that we have no jurisdiction to review the immigration judge's original deportation orders. Section 1105a(a)(1) clearly provides that "a petition for review may be filed not later than six months from the date of the final deportation order." Petitioners here are out of time: they received their orders to deport on September 8, 1980, but delayed filing this appeal until July 14, 1981, more than

six months later. *See Chudshevid v. Immigration and Naturalization Service,* 641 F.2d 780, 783 (9th Cir. 1981); *Oum v. Immigration and Naturalization Service,* 613 F.2d 51 (4th Cir. 1980).

■ The fact that we have no jurisdiction to review the underlying deportation orders does not end our inquiry, however, for petitioners moved before the immigration judge to reopen their deportation proceedings. These motions were denied on March 20, 1981, and the present petitions were filed within six months of this latter date. The general rule is that a motion to reopen deportation proceedings is a new, independently reviewable order within the jurisdiction of the court of appeals pursuant to section 1105a. *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), *reversing* 308 F.2d 347 (9th Cir. 1962); *see Bufalino v. Immigration and Naturalization Service,* 473 F.2d 728, 737 (3d Cir. 1973) (Adams, J., concurring) (while ordinarily "the right to appeal from an order of deportation is extinguished when the six-month period expires," a court of appeals "may review judgments on motions to reopen"; therefore, limited jurisdiction was present to consider whether the INS abused its discretion in denying petitioner's motion to reopen); *see also Jacobe v. Immigration and Naturalization Service,* 578 F.2d 42 (3d Cir. 1978) (Service's refusal to reopen proceedings was subject to review for abuse of discretion).

■ Despite this general rule, we have no jurisdiction to review petitioners' motions to reopen in the matter *sub judice,* because petitioners failed to exhaust their administrative remedies—that is, they did not appeal the immigration judge's refusal to reopen their proceedings to the Board of Immigration Appeals. Section 1105a(c) of the Act explicitly proscribes judicial review of an order of deportation if the alien "has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." Because pe-

* Hon. Alan N. Bloch, United States District Court for the Western District of Pennsylvania, sitting by designation.

titioners never sought review by the Board of the immigration judge's denial of their motions to reopen, we have no jurisdiction to entertain these appeals. *See Daneshvar v. Immigration and Naturalization Service*, 663 F.2d 1071 (6th Cir. 1981) ("Petitioner never appealed the denial of his motion to reopen to the Board of Immigration Appeals and therefore failed to exhaust his administrative remedies"); *Jacobe, supra*, 578 F.2d at 44 ("Failure to exhaust administrative remedies results in a lack of jurisdiction in the Court of Appeals").

Anticipating this outcome, petitioners argue that they should not be obligated to exhaust, because to do so would be "futile." Petitioners contend that exhaustion is not necessary if an order is challenged solely on an issue of law. They claim that the immigration judge, in refusing to reopen their proceedings, did so because he was absolutely bound by Service regulations (specifically, 8 C.F.R. §§ 103.5 & 242.22), and that the Board, had it confronted their appeals, would have arrived at precisely the same result because of these regulations. Thus petitioners seek protection under the rule of *Beltre v. Kiley*, 470 F.Supp. 87, 89 (S.D.N.Y. 1979). In that case, the court deemed exhaustion unnecessary because the INS district director reached a decision mandated by an INS definitional regulation; the court found, therefore, that if the matter had been presented to the Board, it could not help but have rendered the same decision. *Beltre* is inapplicable here, however. The regulations about which petitioners complain merely provide for the possibility of reopening a deportation proceeding, and direct the immigration judge to reopen only if evidence that is "material and was not available and could not have been discovered or presented" at the original hearing is proffered. These regulations did not in any sense "dictate" the outcome of petitioners' motions. The Board, had an appeal been brought to it, quite conceivably could have determined that the immigration judge erred in not opening the proceedings anew,

in view of the showing made to him by petitioners. This case, then, is unlike *Beltre*, in which the decision of the Board was foreordained because of explicit regulatory mandates. Here, the Board could have reversed the immigration judge, and thus exhaustion is necessary under section 1105a(c) and *Jacobe*.[1]

We conclude that we have no jurisdiction to review any of petitioners' claims having to do with the validity of their underlying deportation orders. With respect to the motions to reopen, we dismiss these petitions because petitioners failed to exhaust their administrative remedies.

---

1. We note that this is not a situation in which the exhaustion requirement might be waived as the result of a convincing showing that "fundamental errors" were committed in the administrative proceedings, *see McLeod v. Peterson*, 283 F.2d 180 (3d Cir. 1960).