**Urbano SIERRA–PENA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States.**

No. 02–4072.

United States Court of Appeals, Third Circuit.

Submitted United Third Circuit LAR 34.1(a) Sept. 9, 2003.

Decided Sept. 17, 2003.

BEFORE: BARRY, BECKER, and GREENBERG, Circuit Judges.

## OPINION

GREENBERG, Circuit Judge.

This matter comes on before this court on Urbano Sierra–Pena's petition for review of a final order of deportation issued by the Board of Immigration Appeals on October 4, 2002. The decision and order of the BIA affirmed a decision and order of an immigration judge of September 15, 1999, finding Sierra–Pena deportable but statutorily eligible for an adjustment of status though denying his application for the adjustment as a matter of discretion. In addition, the immigration judge allowed Sierra–Pena the right of voluntary departure. In these proceedings Sierra–Pena challenges the impartiality of the immigration judge and the denial of the adjustment of his status.

We will dismiss the petition for lack of jurisdiction for the following reasons. First, although we have some concern regarding the proceedings before the immigration judge and understand the reason that Sierra–Pena has raised the bias issue, nevertheless, we do not have jurisdiction to review the claim of bias inasmuch as Sierra–Pena did not raise it before the BIA. *See* former INA § 106(c), 8 U.S.C. § 1105a(c); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Bak v. United States INS,* 682 F.2d 441, 442–43 (3d Cir.1982) (per curiam); *Jacobe v. INS,* 578 F.2d 42, 44 (3d Cir.1978); *Cisternas–Estay v. INS,* 531 F.2d 155, 160 (3d Cir.1976). Second, we do not have jurisdiction to review the denial of the adjustment of status. *See Mendez–Moranchel v. Ashcroft,* 338 F.3d 176 (3d Cir.2003).

The petition for review will be dismissed.