**Antonio DA CRUZ, Appellant,**

v.

**J. W. HOLLAND, District Director, Immigration and Naturalization Service.**

**No. 12071.**

United States Court of Appeals Third Circuit.

Argued Jan. 22, 1957.

Decided Feb. 12, 1957.

J. J. Kilimnik, Philadelphia, Pa., for appellant.

Robert W. Lees, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

The appellant, Antonio DaCruz, has been ordered deported on the charge stated in the warrant of arrest that he failed to maintain his non-immigrant, visitor's status. There is no doubt but that he was gainfully employed within a few days after his entry into this country and was so employed at the time of his arrest. His counsel subsequently exhausted all available administrative procedures on his behalf. DaCruz claims in substance that he was illegally arrested without a warrant of arrest and that certain documents, including his passport, were then illegally taken from his possession, that he was denied a hearing *de novo* after a demand by him that the arresting officer testify before the hearing officer, and that the hearing officer himself was without authority to proceed in his case. He asserts in effect that neither the provisions of the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, nor of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., were complied with and that he was denied rights guaranteed to him by the Fifth Amendment.

None of the points raised by DaCruz possesses merit and some border on the frivolous. See for example the charge in respect to the authority of the hearing officer in the light of the Savings Clause of the Immigration and Nationality Act of 1952. Sec. 405 of the Act, 8 U.S.C.A. § 1101 note.

The court below was not in error in granting summary judgment against DaCruz. Accordingly the judgment will be affirmed.