SOON BOK YOON, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 76–1887

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Clave E. Gill, III, Lila Tritico, New Orleans, La., for petitioner.

Edward H. Levi, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Philip Wilens, Acting Chief, Dept. of Justice, Govt. Reg. & Labor Sect., Rex Young, Crim. Div., James P. Morris, Attys., Washington, D. C., for respondent.

Troy A. Adams, Jr., Dist. Director, Immigration & Nat. Ser., New Orleans, La., for other interested parties.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Soon Bok Yoon, a married female alien and citizen of the Republic of Korea, appeals an order of the Immigration and Naturalization Service (INS) requiring her immediate deportation under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). Finding no error of law or abuse of discretion in the administrative proceedings, we affirm.

Soon Bok Yoon entered the United States at Honolulu, Hawaii, on September 27, 1974, as a nonimmigrant visitor for pleasure. See Immigration and Nationality Act § 101(a)(15)(B), 8 U.S.C. § 1101(a)(15)(B). She was later granted an extension of this visitor status until May 30, 1975. On June 9, 1975, a district director of the INS authorized voluntary departure on or before September 9, 1975. However, she did not leave the country by the deadline. An order to show cause why deportation should not be required was issued November 7, 1975. A hearing on the order was held before an immigration judge November 18, 1975, at which the order of deportation on appeal here was issued. After briefing and oral argument, the Board of Immigration Appeals dismissed the appeal March 26, 1976.

■ We need not reach Yoon's contention that she has been subjected to unconstitutional discrimination by the applicability to her, as an Eastern Hemisphere alien, of a labor certification requirement not applicable to Western Hemisphere aliens. See Immigration and Nationality Act §§ 201, 203(a)(6), 8 U.S.C. §§ 1151, 1153(a)(6). The record and briefs indicate that the action taken here was not affected by the presence or absence of labor certification under § 1153 but was determined entirely by the clear deportability of Mrs. Yoon under § 1251. Moreover, had Mrs. Yoon begun proceedings that would have brought her onto a collision course with the labor certification requirement, the unavailability of 1975 immigrant visas to Eastern and Western hemisphere aliens alike would have negated any possibility of discriminatory effect. See 8 C.F.R. § 211.1 (1976); Bureau of Security and Consular Affairs, *Availability of Immigrant Visa Numbers*, Vol. II, Nos. 84–96 (1975); 52 Interpreter Releases 3, 86, 348 (1975). Under these circumstances familiar concepts preclude entertainment of a hypothetical challenge to a statute never invoked. See Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947).

■ Similarly meritless is Yoon's contention that the immigration judge failed to apprise her of alternative forms of discretionary relief (other than voluntary departure, which she refused) as required by 8 C.F.R. § 242.17. Moreover, Mrs. Yoon's record contained clear evidence of her ineligibility for any form of discretionary relief other than voluntary departure. Section 242.17 does not require that a respondent in immigration proceedings be informed of procedures inapplicable to her, nor does it

require the inquiry officer to inform the respondent of the availability of "nonpriority status" because that relief is neither "enumerated in [that] paragraph," nor is it a form of relief for which she "may apply."

 The Second Circuit has described nonpriority status as an "informal administrative stay of deportation" during which the deportation order remains suspended and may be executed at any time, and there is no effect on the substantive ruling by the INS. *Lennon v. Immigration & Naturalization Service,* 527 F.2d 187, 191 n. 5 (1975). An examination of the *Lennon* opinion suggests that unlike the other forms of relief enumerated in § 242.17, for which a respondent may apply, nonpriority status is in the nature of a voluntary stay of the agency's mandate *pendente lite,* issued in large part for the convenience of the INS. Such a suspension is particularly appropriate where, as in *Lennon,* permanent status rights turn on collateral legal issues of great subtlety (*i. e.,* the effect of a conviction for drug possession under a British law lacking a scienter requirement), and inappropriate where, as here, deportability is conceded and only delay is desired—a purpose accomplished to a degree by this very appeal. The decision to grant or withhold nonpriority status therefore lies within the particular discretion of the INS, and we decline to hold that the agency has no power to create and employ such a category for its own administrative convenience without standardizing the category and allowing applications for inclusion in it. We conclude that the immigration judge adequately performed the duties required of him by the governing statutes and regulations.

Finally, Yoon contends that the immigration judge erred in finding that she did not intend to return to Korea. However, on appeal from a decision of the INS this court is bound by the factfindings of the agency unless the agency has abused its discretion in the course of its proceedings. *See* 8 U.S.C. § 1105a (1970). *See also e. g.,* *Giambanco v. Immigration & Naturalization Service,* 531 F.2d 141 (3d Cir. 1976) (en banc). We find no such abuse here. Yoon's original overstaying and her noncompliance with the voluntary departure previously awarded renders the immigration judge's conclusion at least plausible. For this court to overturn it on the basis of his record would be to substitute its judgment for that of the agency, an impermissible exercise of the judicial function in matters of administrative review. Since we find no error of law and we are bound by the facts found by the INS, the order is

ENFORCED.