**Panagiotis N. ZACHARAKIS, Petitioner,**

v.

**Joe HOWERTON, as District Director, Immigration and Naturalization Service, Miami, Florida, Respondent.**

**No. 80–2736–CIV–EPS.**

United States District Court, S. D. Florida, Miami Division.

June 12, 1981.

Walters & Costanzo, Miami, Fla., for petitioner.

Patricia Kenny, Miami, Fla., for respondent.

MEMORANDUM OPINION AND ORDER DENYING PETITION FOR REVIEW OF DISTRICT DIRECTOR'S DENIAL OF DEFERRED ACTION STATUS TO PETITIONER AND DISMISSING PETITION AS OF AUGUST 11, 1981

SPELLMAN, District Judge.

This cause is before the Court on the Petition for Writ of Habeas Corpus of Panagiotis N. Zacharakis. The petitioner claims that the respondent District Director has improperly exercised his discretion in refusing to grant the petitioner a stay of deportation and refusing to recommend to the Regional Commissioner that the petitioner be considered for "deferred action" status. Petitioner is presently under an order of deportation issued by an immigration judge, which order became final and effective on April 10, 1977. Petitioner failed to appeal the deportation order to the Court of Appeals. Petitioner's subsequent application for waiver on grounds of excludability and for permission to reapply for admission to the United States after deportation were denied by the Regional Commissioner for the Eastern Region. These decisions also were not appealed from. The petitioner thereafter ignored the deportation order and was not apprehended by the Immigration and Naturalization Service until October 2, 1980.

After his apprehension, in what was apparently petitioner's first attempt along these lines, the petitioner applied to the District Director for a stay of deportation and for a recommendation to the Regional Commissioner that the petitioner be placed in the discretionary "deferred action" category outlined in I.N.S. Operating Instruction O.I. 103.1(a)(1)(ii). This instruction, unpublished in the Code of Federal Regulations, advises district directors that in cases where "adverse action would be unconscionable because of the existence of appealing, humanitarian factors," such a determina-

tion by the District Director to make a recommendation to the Regional Commissioner that deferred action status be granted. Petitioner also requested a stay of deportation so that his request for inclusion in the "deferred action" category could be heard by the I.N.S.

This Court's jurisdiction over this cause is conferred by 8 U.S.C. § 1329, which provides that the District Court has jurisdiction over all causes, civil and criminal, arising under the Immigration and Nationality Act. That grant of jurisdiction is limited by 8 U.S.C. § 1105a, which provides that judicial review of a final order of deportation lies in the appropriate Court of Appeals. In *Cheng Fan Kwok v. I.N.S.*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), the Supreme Court held that the Court of Appeals had exclusive jurisdiction of all cases challenging a final deportation order or any order made in the course of a deportation proceeding.

■ However, "[a]ppeals of orders denying ancillary relief [are] properly in the District Courts. Thus, an appeal from the denial of a request to reopen a deportation proceeding or review of a refusal to suspend deportation is properly before a Court of Appeals. [Requests to suspend deportation must be made during the deportation hearing.] The administrative denial of a request to stay deportation, or other ancillary relief, may properly be reviewed in the District Court." *Shodeke v. Attorney General of U.S.*, 391 F.Supp. 219, 221 (D.C.D.C. 1975).

The petitioner in the case at bar is not ostensibly challenging the final order of deportation. Rather, he is arguing that the District Director abused his discretion by denying petitioner's application for a stay of deportation and for refusing to recommend petitioner to the Regional Commissioner for consideration for the "deferred action category." Under 8 C.F.R. § 243.4, the District Director has discretion to grant a request for a stay of deportation made by an alien under a final order deportation. "Stays" are temporary in nature and are only appropriate when the alien appears to have an unresolved claim that may entitle him to remain in the country. The regulation states that a denial of a stay by the District Director is not appealable but it does not preclude the Board of Immigration Appeals from granting a stay in connection with a motion to reopen or reconsider the order of deportation.

■ Thus, petitioner's entitlement to a stay of deportation depends on the existence of any substantive claims he may have which have not been considered by the proper authorities. In this regard, petitioner asserts that he has a right to be included in the "deferred action category." However, the Court finds, for the reasons stated below, that there is no substantive right to inclusion in the deferred action category and that, under 5 U.S.C. § 705(a), the decision of the District Director is committed to his discretion and is therefore not reviewable by this Court.

■ The I.N.S. guideline at issue here was not enacted by Congress as an expression of its declared policy, nor has it been adopted by I.N.S. as a regulation implementing congressional policy. *See* 8 C.F.R. § 2.1; *cf. I.N.S. v. Wang*, —— U.S. ——, ——, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). Rather, the guideline is an internal administrative instruction to District Directors of I.N.S. to evaluate cases where adverse action would be unconscionable or result in undue hardship because of the existence of appealing humanitarian factors. The guideline does not and could not have the force and effect of law. To hold otherwise, the Court would expand the right of aliens and provide a substantive remedy without the sanction of Congress.

Moreover, the Fifth Circuit case of *Soon Bok Yoon v. I.N.S.*, 538 F.2d 1211 (1976), is controlling precedent. In *Soon Bok Yoon*, the Court held that 8 C.F.R. § 242.17 did not require that a respondent in immigration proceedings be informed of alternative forms of discretionary relief inapplicable to her nor did it require the inquiry officer to inform the respondent of the availability of "non-priority status" because that

relief is neither "enumerated in [that] paragraph," not is it a form of relief for which she "may apply."

*Id.* at 1212–1213.

The Court held:

> [W]e decline to hold that the agency has no power to create and employ such a category for its own administrative convenience without standardizing the category and allowing applications for inclusion in it.

*Id.* at 1213.

The Eighth Circuit, in the cases of *David v. I.N.S.,* 548 F.2d 219 (1977) and *Vergel v. I.N.S.,* 536 F.2d 755 (1976), cited in *Nicholas v. I.N.S.,* 590 F.2d 802 (9th Cir. 1979), as authority supporting the holding in the Ninth Circuit case, did not review denials of applications for deferred status, nor did the Eighth Circuit hold that such review was appropriate, but the Court indicated in both cases that the alien should petition the District Director for a discretionary stay under the operating instruction on humanitarian grounds. The Eighth Circuit did not in either case hold that the operating instruction created a substantive right. Rather, the Court stated that it was appropriate for the District Director to make inquiries to determine whether an alien should be included in the discretionary category.

The Second Circuit has described deferred action status as an "informal stay of deportation" during which the deportation order remains suspended and may be executed at any time, and there is no effect on the substantive ruling by the I.N.S. *Lennon v. I.N.S.,* 527 F.2d 187, 191 n. 5 (1975).

The Fifth Circuit examined the *Lennon* opinion in reaching its holding in *Soon Bok Yoon, supra,* stating:

> An examination of the *Lennon* opinion suggests that unlike other forms of relief enumerated in § 242.17, for which a respondent may apply, non-priority status is in the nature of a voluntary stay of the agency's mandate *pendente lite,* issued in large part for the convenience of the I.N.S. Such a suspension is particularly appropriate where, as in *Lennon,* permanent status rights turn on collateral legal

issues of great subtlety (i. e. the effect of a conviction for drug possession under a British law lacking a scienter requirement), and inappropriate where, as here, deportability is conceded and only delay is desired—a purpose accomplished to a degree by this very appeal. *Id.* at 1213.

The petitioner in the case at bar, just as the respondent in *Soon Bok Yoon,* concedes his deportability as an alien who entered the United States without inspection by an immigration officer under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2).

Should the Court find that the instruction is more than an intra-agency guideline for the informal exercise of compassion where to do otherwise would be unconscionable and that it confers a substantive right on aliens to apply for inclusion with all attendant due process, the Court will have legislated an additional remedy not now provided by the Immigration Act or Federal Regulations. Both administrative and judicial economy would seem ill-served in the face of statutory and discretionary remedies already extant. Certainly, the Fifth Circuit in *Soon Bok Yoon, supra,* intended to create no such right.

Thus, the Court concludes that I.N.S. guideline O.I. 103.1(a)(1)(ii) confers no substantive right on aliens to seek inclusion in the deferred action category. Petitioner's claim for relief must be denied on this basis. It is hereby ordered that the petition is DENIED, but the effect of this order shall be stayed for 60 days.