Tito **QUEZADA–GOMEZ**, Plaintiff,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants.**

**No. CV–N–89–229.**

United States District Court,
D. Nevada.

Oct. 24, 1989.

James J. Kelly, Incline Village, Nev., for plaintiff.

Shirley Smith, Asst. U.S. Atty, Reno, Nev., for defendants.

## ORDER DISMISSING ACTION

BRUCE R. THOMPSON, District Judge.

Plaintiff is a citizen of Mexico residing in Reno. On June 30, 1988, plaintiff filed with defendants a legalization application under the Immigration Reform and Control Act of 1986 (IRCA). Later that same year, the Western Regional Processing Director denied plaintiff's application. The Director found plaintiff statutorily ineligible for adjustment of status due to his departure from the United States in 1982 allegedly under a valid order of deportation. Plaintiff contended that he was not deported and appealed the District Director's denial to the Legalization Appeals Unit. On December 13, 1988, the Appellate Board denied plaintiff's appeal stating in pertinent part: "The applicant cannot meet the resident requirement since he was deported on February 4, 1982."

Plaintiff files this suit seeking an order declaring that the defendants' decision was contrary to existing law and regulation, that the matter be remanded to the defendant or proper agent with authority to approve plaintiff's application, and a judgment be entered directing defendants to accept plaintiff's file for legalization. The case is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

■ The issue raised is whether this Court has jurisdiction to review an alleged fact-finding error by the Legalization Appeals Unit or to review the validity of the alleged deportation order pursuant to Section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a, under the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq. or the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The judicial review of legalization applications is governed by 8 U.S.C. § 1255a(f) of the IRCA which states:

(1) Administrative and judicial review. There shall be no administrative or judicial review of a determination respecting an application for adjustment of status under this section except in accordance with this subsection. . . .

(4) Judicial review. (A) Limitation to review of deportation. There shall be judicial review of such a denial only in the judicial review of an order of deportation under section 106 [8 USCS § 1105a].

(B) Standard for judicial review. Such judicial review shall be based solely upon the administrative record established at the time of the review by the appellate authority and the findings of fact and determinations contained in such record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole.

Therefore, the IRCA contains a jurisdictional bar applying to lawsuits that require a court to review the findings of fact that determine a specific individual's eligibility for legalization. The Legalization Appeals Unit found:

The applicant was found to be deportable on February 4, 1982. The applicant was formally deported to Mexico on February 4, 1982 at Calexico, Mexico ... An alien applying for adjustment of status has the burden of proving by preponderance of the evidence he or she has resided in the United States for the requisite periods, is admissible to the United States under the provisions of section 245A of the Act, 8 U.S.C. 1255a, and is otherwise eligible for adjustment of status. 8 C.R.F. 245a.2(d)(5). The applicant has failed to meet this burden.

Plaintiff's alleged deportation is a factual question going toward the determination of eligibility. It is precisely the "judicial review of a determination respecting an application for adjustment of status" which is precluded in 8 U.S.C. § 1255a(f)(1). *See Ayuda, Inc. v. Thornburgh*, 880 F.2d 1325 (D.C.Cir.1989) (federal courts lack subject matter jurisdiction to adjudicate an appeal seeking review of a denial of legalization pursuant to 8 U.S.C. section 1255a).

Plaintiff further argues that this Court has jurisdiction to issue a judgment as to the validity of the 1982 deportation order aside from the legalization application and

appeal. However, section 106(a) of the Immigration and Nationality Act (INA) codified at 8 U.S.C. § 1105a provides that it "shall be the sole and exclusive procedure for the judicial review of all final orders of deportation" and mandates that United States' courts of appeals have exclusive jurisdiction to review final orders of deportation.

> (2) Venue. The venue of any petition for review under this section shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part, or in the judicial circuit wherein is the residence, as defined in this Act, of the petitioner, but not in more than one circuit;

8 U.S.C. § 1105a(a)(2).

This Court lacks jurisdiction to review plaintiff's claim either as a fact-finding error or to review the validity of the deportation order. Under the IRCA, Congress effectively foreclosed aliens from seeking review of INS determinations of fact before deportation hearings and restricted review of deportation orders to the courts of appeals. "If anything, the legislative history suggests that Congress, rather than considering such extensive judicial monitoring of the legalization program, only grudgingly provided *any* judicial review even in the context of deportation orders." *Ayuda* at 1334. (Emphasis in original).

■ Plaintiff's request to have this Court direct defendants to accept plaintiff's file for legalization under section 210 of the IRCA is equally without merit. It is apparent from an examination of 8 CFR § 242.17(a) and the applicable case authorities that no duty exists to inform an alien of other statutory bases for relief; rather, the regulation merely requires such disclosure only where the respondent demonstrates "his apparent eligibility" for such relief. The relevant section provides: "The special inquiry officer shall inform the respondent of his apparent eligibility to apply for any of the benefits enumerated ... and shall afford him an opportunity to make application therefor during the hearing." 8 CFR § 242.17(a). *See also United States*

*v. Barraza–Leon*, 575 F.2d 218 (9th Cir. 1978); *Soon Bok Yoon v. INS*, 538 F.2d 1211 (5th Cir.1976). Second, federal courts are without authority to disregard statutory deadlines and filing cutoffs contained in statutes affording immigration benefits to aliens. *INS v. Pangilinan*, 486 U.S. 875, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988).

Under Local Rule 140–9, all motions other than for summary judgment, may be considered and decided in the Court's discretion with or without a hearing. The disposition of this case renders oral argument unnecessary.

In consideration of the premises,

IT HEREBY IS ORDERED that plaintiff's action is dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).