785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ASHFAQUE A. PATEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 85-3152
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 BEFORE: CONTIE and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Ashfaque A. Patel seeks review of a decision of the immigration judge dated November 20, 1984, denying petitioner's motion to reopen to apply for adjustment of his status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act ('the Act'), 8 U.S.C. section 1255. Because petitioner failed to exhaust his administrative remedies by appealing to the Board of Immigration Appeals ('the Board'), this court is without jurisdiction to entertain this petition for review.
 
 I.
 
 2
 Petitioner, a native and citizen of Pakistan, was admitted to the United States as a student pursuant to 8 U.S.C. Sec. 1101(a)(15)(F)(i), on May 20, 1974. Petitioner was authorized by the Immigration and Naturalization Service ('the Service') to remain in the United States until April 7, 1979. Petitioner overstayed his authorized time, and pursuant to deportation proceedings issued against him in 1979, he was found to be deportable but was granted 45 days in which to voluntarily depart.
 
 
 3
 Petitioner failed to depart the United States as ordered by October 15, 1979. On January 19, 1980, the Service issued a warrant of deportation against petitioner. On March 4, 1983, petitioner filed a motion to reopen his deportation proceedings to apply for adjustment of status and an application for a stay of deportation pending the adjudication of his application for a change of immigration status. On March 11, 1983, the district director granted petitioner's request for a stay of deportation until July 14, 1983.
 
 
 4
 Subsequent to approval of petitioner's stay of deportation, his American citizen wife, Janice M. Patel, filed a 'Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa' on his behalf. Petitioner filed his application for status as a permanent resident on the same date with supporting documentation. On June 8, 1983, the immediate relative petition filed by petitioner's wife was approved by the Service, and his request for an additional extension of his stay of deportation was granted until November 25, 1984.
 
 
 5
 The immigration judge considered petitioner's application for adjustment of status to be a properly filed motion to reopen pursuant to 8 C.F.R. section 242.22. The immigration judge found petitioner to be prima facie eligible for adjustment of status based on his marriage to a United States citizen and the Service's approval of his visa petition. However, he denied petitioner's motion to reopen as a matter of discretion. The immigration judge's principal reason for refusing to exercise favorable discretion toward petitioner was petitioner's previous failures to comply with immigration laws. Petitioner did not appeal the immigration judge's decision to the Board.
 
 II.
 
 6
 Section 1105a(c) of the Act, 8 U.S.C. section 1105a(c), explicitly proscribes judicial review of an order of deportation 'if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . ..' The denial of a motion to reopen is reviewable in this court as a 'final order of deportation' only if the section 1105a(c) exhaustion requirement has been complied with. Bak v. Immigration and Naturalization Service, 682 F.2d 441, 442-43 (3d Cir. 1982); Hernandez v. Immigration and Naturalization Service, 539 F.2d 384, 386 (5th Cir. 1976). Under the governing regulations, petitioner has a right to appeal the immigration judge's denial of his motion to reopen to the Board pursuant to 8 C.F.R. section 242.21 (1985) and 8 C.F.R. section 3.1(b)(2) (1985). Because petitioner did not seek review by the Board of the denial of the motion to reopen, we have no jurisdiction to entertain this appeal.
 
 III.
 
 7
 Accordingly, the petition for review is DENIED.