**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1865
_____

JOANA CHI MAMBOM,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-580-310)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012
Before:  SLOVITER, GREENAWAY, JR., and COWEN, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

PER CURIAM

On September 25, 2007, an Immigration Judge (IJ) denied Joana Chi Mambom's

request for asylum and associated relief.  Administrative Record (A.R.) 57–58, 318.

Mambom did not appeal this decision.  Instead, on October 30, 2007, she filed a "Motion

to Reopen/Reconsider" with the IJ, which was denied on November 15, 2007.  See A.R.

106, 299–313. Mambom appealed this order to the Board of Immigration Appeals (BIA), but was not successful. See A.R. 2–4, 97–102.

This timely petition for review followed. For the reasons stated below, it will be denied.

I.

Mambom, a native and citizen of Cameroon, filed for asylum in August 2004, based on abuse she had suffered due to her association with an Anglophone political group. A.R. 425–444. The application, in turn, brought her to the attention of immigration authorities, who charged her with removability under 8 U.S.C. § 1227(a)(1)(B)—specifically, for overstaying her nonimmigrant B-1 visa. A.R. 491.

Mambom's main merits hearing took place on April 7, 2005. A.R. 147. During the course of the hearing, the Government and IJ expressed concerns over the authenticity of certain documents, so the Government elected to pursue an overseas investigation to determine their validity. See, e.g., A.R. 156. The proceedings were stayed for over two years, with periodic hearings to update the IJ on the progress of the investigation. At the final hearing on September 11, 2007, the Government acknowledged that the results had still not arrived. A.R. 291. Mambom's counsel then engaged in the following exchange with the IJ:

> Counsel: And, Your Honor, I also believe you stated that on May 15th will be the last master hearing. If not results heard back from the embassy, you would make a decision.
> Judge: (Indiscernible) from the embassy. It makes it a lot easier. All right. So that's what you're requesting? All testimony is complete, correct?

2

Counsel: Yes, Your Honor.
Judge: That's why you're asking for a decision, correct?
Counsel: Yes, Your Honor.

A.R. 293. The hearing concluded without any further testimony being taken.

In an oral decision, the IJ denied Mambom's request for asylum and derivative relief. Chief among the problems cited in Mambom's application were numerous inconsistencies and omissions, many occurring between her oral testimony and the notes from her asylum interview. See, e.g., A.R. 48 (regarding beatings while in custody). Also, given testimony and evidence presented regarding human-rights conditions in Cameroon, the IJ found suspect Mambom's decision to leave her children in the country: "[a] mother who is genuinely fearful for her children would have had those three [United States Citizen] children in the United States during this four year [application and removal] period." A.R. 53–54. Therefore, the IJ made an adverse-credibility determination, denying asylum but granting voluntary departure. A.R. 55–56.

Mambom then filed a short motion to reopen/reconsider,[1] which was based on new evidence showing mistreatment suffered by her husband during a visit to Cameroon—a visit connected to the unfortunate circumstance of her son Chinje's untimely death in a tragic accident in the United States—inspired by the gendarmes' suspicion that Mambom

---

[1] While styled as a motion to "reopen and reconsider," it was filed after the 30-day window for reconsideration. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.23(b)(1). Mambom does not challenge this determination of untimeliness, so we will consider the motion as one that requested only reopening of proceedings. Compare 8 C.F.R. § 1003.23(b)(2), with § 1003.23(b)(3) (contrasting motions to reopen with motions to reconsider).

herself was also traveling in the country. A.R. 299–312. The Government announced its opposition, observing that the "new" evidence could have been submitted before the close of proceedings. A.R. 296. The IJ agreed; Mambom had "failed to explain why this evidence was not presented at the time of the [September 2007] hearing." A.R. 106. But in December 2007, some time after denying the motion, the IJ amended her original opinion to reflect that Mambom's U.S. citizen children were no longer living in Cameroon. Despite this change in circumstances, "there were so many problems with this case that the decision stands with respect to [Mambom's] credibility." A.R. 59.

Mambom appealed to the BIA, which "affirm[ed] the [IJ's] conclusion that [Mambom] failed to establish that evidence of her son's accidental death in June 2007, and of her husband's apparent arrest, interrogation, and mistreatment by police in Cameroon later that same month, was not available and could not have been discovered or presented at the hearing on September 11, 2007." A.R. 2 (citing 8 C.F.R. § 1003.23(b)(3)). She had therefore "failed to meet the heavy burden required to warrant reopening." A.R. 3. The BIA separately declined to exercise its discretion to reopen sua sponte, "particularly in light of the prior adverse credibility finding." A.R. 3. Mambom petitioned this Court for review.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Mambom does not argue that we can assert jurisdiction over the underlying merits determination of her application

4

for asylum and related relief—which, in any case, she declined to exhaust before the BIA. A decision on the merits and a decision on a related motion to reopen are two separate orders, either one of which may be appealed or be the subject of an eventual petition for review. Cf. Castro v. Att'y Gen., No. 10–3234, ___ F.3d ___, 2012 WL 456530, at *5 (3d Cir. Feb. 14, 2012); Bak v. INS 682 F.2d 441, 442–43 (3d Cir. 1982). Accordingly, our jurisdiction is limited to the agency's denial of her motion to reopen, which we review for abuse of discretion. Abulashvili v. Att'y Gen., 663 F.3d 197, 202 (3d Cir. 2011). We may reverse only if the agency's decision is "arbitrary, irrational, or contrary to law." Id.

## III.

Mambom advances two arguments in support of her petition. First, she claims that the evidence she presented "was unavailable at the time of the *merits* hearing in 2005, which occurred quite early in the course of" the removal proceedings. Pet'r's Br. 22 (emphasis added). While acknowledging that other hearings were held after that date, Mambom points out that those appearances were not about the merits of her case, but rather about the ongoing authentication of her documents. Mambom also suggests that she could not have been aware of the basis of the IJ's credibility decision, which partly relied upon (at the time) out-of-date information about the whereabouts of her United States citizen children, until after the opinion had issued.

Motions to reopen "will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have

been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3).

Mambom insists that "former hearing" means "former *merits* hearing" or "former main

hearing." But she points to no precedent, whether before a Circuit Court or before the

agency, that would support this reading of the regulation. See, e.g., Ivanov v. Gonzales,

487 F.3d 635, 639 (8th Cir. 2007) (interpreting § 1003.23 to mean that the new material

"must be material *and* both unavailable *and* undiscoverable at the time of *an* earlier

hearing.") (emphasis on "an" added; other emphasis as in original). The BIA saw no

such distinction; indeed, it observed that Mambom was present at the final hearing, that

her counsel asked for an expedited ruling, and that her counsel affirmatively represented

that all testimony was complete. A.R. 2; see also A.R. 291 (indicating that "[t]he

respondent is present" at the September 11, 2007 hearing). Under the applicable

administrative law canons of deference, see Castro, 2012 WL 456530, at *6, we cannot

conclude that the BIA's construction was "plainly erroneous or inconsistent with the

regulation." Chong v. Dist. Dir. INS, 264 F.3d 378, 389 (3d Cir. 2001) (quoting Bowles

v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

Mambom's alternative argument, that she could not have known of the IJ's

reliance on the location of her children until after the release of the opinion, is also

without merit. As the BIA observed, she was aware that the location of her children

could be an issue. A.R. 213. But more to the point, the IJ indicated in her corrected

opinion that knowing that three children now resided in the United States would not have

changed the outcome of the proceedings. See A.R. 59.

6

Finally, Mambom claims that the BIA abused its discretion in "not finding that [she] had established prima facie eligibility for asylum," when it "implicitly affirmed the adverse credibility finding of the [IJ]." Pet'r's Br. 24–25. We have jurisdiction to review the BIA's use of its sua sponte authority to reopen only if it relies on "an incorrect legal premise." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). But adverse credibility determinations are factual findings. Abulashvili, 663 F.3d at 202. Thus, to the extent that the BIA relied in part upon an otherwise-unchallenged factual issue in declining to reopen sua sponte, we lack jurisdiction to review the validity of the adverse credibility determination.

## IV.

For the foregoing reasons, we will deny the petition for review.