**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1970
_____


JOSE EFRAIN SUCHITE-SALGUERO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the Board of
Immigration Appeals
(Agency Case No. A201-102-363)
Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2025

Before: SHWARTZ, KRAUSE, and CHUNG, *Circuit Judges*

(Opinion filed: August 14, 2025)

Kelly J. Bermudez
Smotritsky Law Group
972 Broad Street
Suite 500
Newark, NJ 07102
        *Counsel for Petitioner*

Elizabeth Dewar
Christopher G. Gieger
Office of Immigration Litigation
Civil Division, United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

————————————

OPINION OF THE COURT

————————————

KRAUSE, *Circuit Judge*.

Under our immigration laws, the taking of evidence and finding of facts falls to the Immigration Judge (IJ), not the Board of Immigration Appeals (BIA). So when evidence becomes available only after the IJ renders her decision, that evidence is "new" authority on which the filing of a petition to reopen may be based. Here, although petitioner Jose Suchite-Salguero became father to a baby girl more than a year after the IJ's decision and timely petitioned the BIA to reopen his proceeding, the BIA held that the birth could not justify reopening because it occurred a few weeks before the BIA issued its own decision, and therefore was not new evidence.

2

Because evidence relevant to reopening must be "new" relative to the record before the IJ, not the appeal before the BIA, this conclusion was legal error. Nonetheless, because the BIA proceeded to consider that evidence in any event, its error was harmless, and we will deny the petition for review.

## I. BACKGROUND

Jose Suchite-Salguero is a Guatemalan citizen and national who claims to have been present in the United States since 2007. Having previously conceded his removability for entering the country without admission or parole under 8 U.S.C. § 1182(a)(6)(A), Suchite-Salguero applied in 2020 for cancellation of removal under 8 U.S.C. § 1229b(b).

At the conclusion of removal proceedings, the IJ held that Suchite-Salguero had satisfied only two of the four elements required to be eligible for cancellation. Specifically, the IJ found that Suchite-Salguero (1) is of good moral character and (2) had not been convicted of any enumerated offenses, consistent with the requirements of § 1229b(b)(1)(B)–(C), but concluded that the record evidence was insufficient to establish that (3) he had at least ten years of continuous physical presence in the country and (4) he had a qualifying United States citizen relative—meaning a "spouse, parent, or child, who is a citizen of the United States"—who would experience "exceptional and extremely unusual hardship" upon his removal, as required by § 1229b(b)(1)(A) and (D).

As to this last factor, Suchite-Salguero had testified before the IJ that his then seven-year-old son is a United States citizen, but the IJ questioned the child's paternity because

3

Suchite-Salguero did not submit his son's birth certificate and conceded that his name did not appear on it. Ultimately, the IJ went on to conclude that even if the son was a qualifying relative, the hardship of separation was not beyond that which would ordinarily be expected when a parent is removed. Suchite-Salguero timely appealed to the BIA, which adopted and affirmed the IJ's "qualifying relative" and "exceptional and extremely unusual hardship" determinations and dismissed the appeal on that basis.[1]

About a year after the IJ's decision, however, another qualifying relative entered the picture. On October 18, 2021—less than two months before the BIA's opinion issued on December 7, 2021—Suchite-Salguero became the father of a baby girl who is also a United States citizen. So once the BIA denied his petition for review of the IJ's decision, Suchite-Salguero filed a motion with the BIA to reopen his case, arguing that the birth of his daughter was a "new fact[]" supporting his eligibility for cancellation that was "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA denied the motion, reasoning that (1) the daughter's birth did not qualify as new evidence because she was born while the appeal was pending, and (2) her birth did not establish prima facie eligibility for relief absent evidence of hardship.

---

[1] Because these issues were dispositive, the BIA declined to reach the IJ's determination regarding continuous physical presence, which Suchite-Salguero also had appealed.

4

Suchite-Salguero moved for reconsideration, but the BIA again denied relief.[2]  It recognized that new evidence could only justify reopening if it "could not have been discovered or presented at the former hearing," A.R. 4 (quoting 8 C.F.R. § 1003.2(c)(1)), but interpreted "former hearing" to including proceedings before the BIA, rather than only the last hearing before the IJ, *id.*  It also held that even if the birth of Suchite-Salguero's daughter was new evidence, the fact that "a newborn child requires significant care, attention, and economic resources," without more, is "insufficient to establish the requisite level of exceptional and extremely unusual hardship for cancellation of removal."  *Id.*  And because Suchite-Salguero had not submitted evidence establishing that his removal would result in "exceptional and extremely unusual hardship" to the newborn, the BIA denied his motion.

Suchite-Salguero timely appealed the motion for reconsideration but did not appeal the underlying order denying the motion to reopen.

## II.    DISCUSSION

We have jurisdiction under 28 U.S.C. § 1252(a).  Because Suchite-Salguero did not seek broader review, our jurisdiction extends only to review of the BIA's denial of the

---

[2] The BIA originally denied Suchite-Salguero's motion to reopen as untimely, a conclusion that it acknowledged on reconsideration was erroneous.  However, the BIA concluded that any error was harmless because the reasons it provided for refusing to reopen Suchite-Salguero's proceedings sua sponte, A.R. 27, independently justified denying his motion to reopen.

5

motion for reconsideration. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012). Still, because a motion for reconsideration "by its very nature" alleges a defect in the underlying decision, review of the denial of reconsideration also "requires some review of the underlying decision"—here, the BIA's denial of Suchite-Salguero's motion to reopen. *Id.* (quotation and alteration omitted). We review the BIA's denial of a motion to reconsider for abuse of discretion, *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005), and though we lack jurisdiction to review factual findings related to the disposition of an application for cancellation of removal, *see Patel v. Garland*, 596 U.S. 328, 338-40 (2022), we continue to review questions of law, including mixed questions of law and fact, *Wilkinson v. Garland*, 601 U.S. 209, 217-18 (2024).[3]

On appeal, Suchite-Salguero contends that the BIA abused its discretion because (1) it misinterpreted the term "former hearing" in the context of 8 C.F.R. § 1003.2(c)(1), and (2) it should have considered evidence concerning his daughter's birth. We address both contentions below.

A.      Former Hearing

Because a motion to reopen must be based on new evidence, this appeal turns on whether the "former hearing" before which that evidence "was not available and could not have been discovered or presented" is limited to the final hearing before the IJ or if it sweeps in proceedings before the

---

[3] *See, e.g.*, *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025) (holding that the "exceptional and extremely unusual hardship" determination is a mixed question of law and fact reviewed for substantial evidence.).

6

BIA. 8 C.F.R. § 1003.2(c)(1). There is no dispute that Suchite-Salguero's hearing on August 11, 2020, was the final hearing before the IJ or that his daughter was born well after that date, on October 18, 2021. Nor is there any dispute that the birth of a child whose hardship has not previously been considered is evidence material to a petitioner's application. Nonetheless, the BIA concluded that the birth of Suchite-Salguero's daughter was not "new and previously unavailable" evidence because his merits appeal to the BIA was still pending at the time of the birth. A.R. 4. This was legal error.

While we will defer to the BIA's interpretation of its own regulation when the regulation is "genuinely ambiguous" after "carefully consider[ing] the text, structure, history, and purpose," *United States v. Nasir*, 17 F.4th 459, 471 (3d Cir. 2021) (en banc) (quoting *Kisor v. Wilkie*, 588 U.S. 558, 575 (2019)), there is no genuine ambiguity here. As per the operative regulation, a motion to reopen before the BIA must state "new facts" supported by evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R § 1003.2(c)(1). Though the text does not identify clearly the forum in which "the former hearing" must have occurred, the statutory and regulatory context clearly answer that question: "the former hearing" refers to the last hearing before the IJ.

As a structural matter, evidence can only be "presented" in proceedings before the IJ. The IJ's statutory authority to conduct proceedings to decide a petitioner's inadmissibility or deportability includes the ability to "receive evidence," examine witnesses, and otherwise develop the record. 8 U.S.C. § 1229a(b)(1). In contrast, new evidence cannot be

7

presented to the BIA on appeal because the BIA is prohibited from "engag[ing] in factfinding," 8 C.F.R. § 1003.1(d)(3)(iv), or even "*de novo* review of findings of fact determined by an immigration judge," *id*. § 1003.1(d)(3)(i). So although the BIA has appellate jurisdiction over IJ decisions, 8 C.F.R. § 1003.1(b), it plays no active role in the development of the record. And more to the point, "[t]here is no 'hearing' in the usual sense of the word in proceedings before the BIA." *Filja v. Gonzales*, 447 F.3d 241, 254 (3d Cir. 2006). It thus stretches plausibility to conclude that "former hearing" could refer to anything other than a proceeding before the IJ.

In concluding otherwise, the BIA relied on our opinion in *Mambom v. Attorney General*, 465 F. App'x 212 (3d Cir. 2012), but that opinion was not precedential and we have cautioned over and over again that non-precedential opinions carry little to no weight for future cases.[4] *See, e.g.*, *Nsimba v. Att'y Gen.*, 21 F.4th 244, 252 & n.46 (3d Cir. 2021).

Far more relevant is our analysis in *Filja*, where we addressed a substantially similar subsection of the same regulation that sets aside certain timeliness requirements on a motion to reopen asylum proceedings before the BIA when there is "evidence [that] is material and was not available and

---

[4] In any event, the BIA mistook *Mambom*'s holding. The petitioners in that case argued that evidence available *before* the IJ's final hearing in 2007 was "new" because it could not have been presented at the "main merits hearing" in 2005. *Mambom v. Att'y Gen.*, 465 F. App'x 212, 213, 215 (3d Cir. 2012). At issue in today's appeal, however, is evidence that only became available *after* the final hearing before the IJ.

8

could not have been discovered or presented at the previous hearing." 447 F.3d at 252 (emphasis omitted) (quoting 8 C.F.R. § 1003.2(c)(3)(ii)). Reading this language in its statutory and regulatory context, we concluded that "previous hearing" could "only refer to the proceedings before the IJ, and not to the proceedings before the BIA." *Id.* The same is true here.

As in *Filja*, the interpretation advanced by the BIA "does violence" to the plain language of the regulation and is "inconsistent with the regulatory structure for fact finding and appellate review established in 8 C.F.R. § 1003.0, *et seq.*" *Id.* at 254. We therefore reject that interpretation and hold that, for the purposes of a motion to reopen before the BIA, evidence that "was not available and could not have been discovered or presented at the former hearing" refers to evidence that could not have been presented at the last hearing before the IJ. To put it another way, evidence that becomes available only after the final hearing before the IJ satisfies the requirements of 8 C.F.R. § 1003.2(c)(1), irrespective of whether the petitioner's appeal to the BIA is then pending.

B.    Harmless Error

We next consider whether the BIA's error was harmless, such that remand would be unnecessary.

Although the *Chenery* doctrine has historically "limit[ed] courts to considering only those rationales relied on by the agency" and therefore required remand for the agency's own consideration in the case of error, *Guadalupe v. Att'y Gen.*, 951 F.3d 161, 166 n.30 (3d Cir. 2020), the Supreme Court more recently has narrowed that doctrine, *FDA v. Wages*

9

*and White Lion Investments, L.L.C.*, 145 S. Ct. 898, 929 (2025).[5]  And, in any event, we have continued to apply the harmless error rule in immigration cases. *Guadalupe*, 951 F.3d at 166 n.30.  Thus, even when the BIA has erred, "we will view [that] error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case." *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011).  And in the specific context of a denial of a motion to reopen, such as we have here, "the correct

---

[5] In *FDA v. Wages and White Lion Investments, L.L.C.*, 145 S. Ct. 898 (2025), the Supreme Court recognized that, where an agency bases its decision on erroneous grounds but would have made the same decision absent the error, there is tension between the Court's assertion that agency action "cannot be upheld unless the grounds upon which [it] acted in exercising its powers were those upon which its action can be sustained," *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943), and the harmless error rule Congress subsequently enacted in the Administrative Procedure Act, 5 U.S.C. § 706(2) (flush language) (directing courts to take "due account . . . of the rule of prejudicial error").  Though the Court did not need to resolve that tension in *White Lion*, it noted at least two circumstances where harmless error analysis was appropriate notwithstanding *Chenery*'s remand rule:  First, in *Calcutt v. FDIC*, the Supreme Court recognized that "remand may be unwarranted . . . [w]here the agency 'was *required*' to take a particular action." *White Lion*, 145 S. Ct. at 929 (quoting *Calcutt v. FDIC*, 598 U.S. 623, 30 (2023) (per curiam)).  And second, the Court explained that "remand may not be necessary when an agency's decision is supported by a plethora of factual findings, only one of which is unsound." *Id.* at 930.

inquiry is whether the BIA's legal error affected the outcome of [that] motion to reopen." *Guadalupe*, 951 F.3d at 167.

In this case, we conclude it did not. Even though the BIA determined that the evidence concerning the birth of Suchite-Salguero's daughter was not "new and previously unavailable" and therefore did not need to be considered on reopening, it nonetheless proceeded to consider that evidence in both its initial denial of his motion to reopen and its subsequent denial of his motion for reconsideration. In the first opinion, it observed that "[w]hile the birth of a new child undoubtedly requires ongoing care and attention, it alone does not establish prima facie eligibility for relief" and that Suchite-Salguero had "not presented any evidence that his newborn child suffers from any health or developmental issues." A.R. 27. And in the second, after the baby's mother had submitted an affidavit describing Suchite-Salguero as the sole breadwinner and the resulting difficulty in her caring for the baby if he were removed, the BIA again acknowledged that "a newborn child requires significant care, attention, and economic resources from the parents" but concluded that was "insufficient to establish the requisite level of exceptional and extremely unusual hardship for cancellation of removal." A.R. 4.

Under these circumstances, we cannot say that Suchite-Salguero has shown "a reasonable likelihood" that he would be able on remand to establish entitlement to relief. *Guo v. Ashcroft*, 386 F.3d 556, 564 (3d Cir. 2004). The BIA's error therefore was harmless, and we will deny Suchite-Salguero's petition for review.

11

## III.   CONCLUSION

For the foregoing reasons, we will deny Suchite-Salguero's petition for review.